UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   Index No.: 16-CV-690
JASON MANNING,

**COMPLAINT**

                    Plaintiff,

**DEMAND FOR JURY TRIAL**

   -against-

THE CITY OF NEW YORK,
P.O GERARDI and P.O. "JOHN DOES"
1 thru 10, of the 75th Precinct,

                    Defendants.
-------------------------------------------------------------x

     JASON MANNING, by his attorney, Chidi Eze, Esq., complaining of the City of New York and the individually identified police officers, all of NYPD's 75th Precinct, upon information and belief, alleges as follows:

**JURISDICTION**

    1.    This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

    2.    Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color

1

of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

**PARTIES**

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the NYPD 75th Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action have been complied with: a written Notice of Claim, sworn to by Plaintiff herein, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court. Upon serving the Notice of Claim, plaintiff was assigned Claim No. 2015PI020059.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused

## FACTS COMMON TO ALL CAUSES OF ACTION

10. In the early morning of June 23, 2015, at approximately 5:30 a.m., plaintiff was sleeping at his brother's (Bobby Manning) apartment, located at 486 Glennore Avenue, Apt 4, in Brooklyn, when he was awakened by a loud banging on the door of the adjacent apartment, which was apartment No. 3. Plaintiff's older brother, Bobby Manning, opened the door to his own apartment to check on the loud banging next door, and upon doing so, he observed that the banging noise was being done by the Police, ranging between 7 to 8 police officers.

11. Upon opening his door and observing the police officers banging on the his neighbor's door, Bobby Manning tried to close his door, but was stopped from closing his door by the police, who put a foot in the doorway to stop the door from closing. Upon forcibly gaining entry into Bobby's apartment, and without question, Bobby, and plaintiff, who was still in

3

a room inside the apartment, were immediately handcuffed and place under arrest, while twisting their hands behind the backs to apply the handcuffs.

12. Upon being handcuffed and arrested, plaintiff protested his innocent and told the police that he was just visiting his brother and knew nothing about anything in the apartment and building, but to no avail. Also, Bobby continued imploring the police to leave plaintiff out of any matter arising from their search of his apartment or the apartment next door, because plaintiff was just visiting, but the officers did not bulge, and continued in the arrest of plaintiff.

13. After about 10 minutes of searching the apartment, plaintiff and his brother, including 4 individuals from the next door apartment, were escorted downstairs, to a awaiting police van. They were all hauled inside the van and taken to 75th Precinct. Plaintiff and the other arrestees got to the Precinct about 6:00 am that morning. At the Precinct, plaintiff was searched again and processed. Plaintiff was taken to Brooklyn Central Booking about 8:30 pm that night and got there at about 9pm. Plaintiff was not fed while at 75th Precinct, from 5:30 am to 9pm on the day, being June 23, 2015, notwithstanding asking for food.

14. The following day, being June 24, 2015 at approximately 5:00pm, plaintiff was released from Central Bookings without seeing a Judge. He was informed by an officer that the charges against him were dismissed, although he believes that prosecution was declined.

15. Accordingly, plaintiff was arrested and imprisoned for approximately 36 hours even though the defendant Police Officers knew, or should have known based on the facts, that plaintiff did not commit any crime nor could not he have been responsible for any contraband found in the subject premises, if any was found.

16. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her body.

18. The illegal and unlawful arrest of plaintiff, plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge of the fact that plaintiff did not commit any crime, were intentional, malicious, reckless and in bad faith.

19. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was humiliated, and assaulted, was arrested and imprisoned for over 36 hours without probable cause, lost respect and dignity before friends and family, suffered and continues to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent.

20. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff

has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to her under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

24. As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 36 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him under Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

27. Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of his rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

30. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of these rights, resulting in emotional and mental distress.  In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

   i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

   ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

    iii.    attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

    iv.    such other relief as the Court may deem just, proper and equitable.


Dated: Brooklyn, New York
       February 9, 2016

                                      By:    /s/
                                              CHIDI EZE
                                              Attorney for Plaintiff
                                              255 Livingston Street, 3rd Floor
                                              Brooklyn, NY 11217
                                              (718) 643-8800